Longuemare v. Busby.

————o————

LEON LONGUEMARE, Respondent, *vs.* JOHN BUSBY, Appellant.

1. *Practice, Supreme Court—Evidence will not be weighed in the Supreme Court.* —Where there is evidence tending to prove both sides of the case, it will not be weighed by the Supreme Court.
2. *Practice, civil—Trials—Instructions stating abstract principles not adapted to the facts, improper.*—Instructions should always be framed with reference to the issues and evidence in the cause. It is not error in a court to refuse to give an instruction containing an abstract principle of law, if, from the facts of the case, the instruction is not applicable or would tend to mislead the jury.
3. *Practice, civil—Trials—Instructions should apply to theories of both sides— Fraud—Should not be ignored by instructions.*—An instruction which ignores facts which would make a contract fraudulent or ignores the theory of either side based upon such facts is erroneous.
4. *Contracts—Agency—Fraud—Deed of trust—Sale under—Purchase of trust property by agent of cestui que trust.*—An agreement between a purchaser, and a person acting as agent for both the *cestui que trust* and the vendee, under which the vendee and agent were to purchase in the name of the vendee for their joint benefit the property sold under a deed of trust, without making it bring the amount of the debt secured, when the property sold was of a value much greater than the amount of the debt, would be fraudulent, and would not be upheld by the courts.

*Appeal from St. Louis Circuit Court.*

*Henry B. O'Reilly,* for Appellant.

*Donovan & Conroy,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought on two promissory notes executed by the defendant to the plaintiff, one for fifteen hundred dollars and the other for seventy-five dollars.

The defendant, by answer, set up as a defense to the action, that the notes were obtained from defendant by the plaintiff through fraud, misrepresentation and deceit, and that the consideration for which the notes had been executed had, in the greater part, or entirely failed; and stated the facts in reference thereto to be substantially as follows : That in August, 1868, by virtue of a deed of trust executed by one Dennis Devoy, lot 5 of block 47, in Convent Addition to the City of St. Louis was exposed for sale at public auction at the Court House, to enforce the payment of certain notes thereby secured and then held by plaintiff; that at such sale, one John F. Gibbons attended in behalf of defendant and purchased said lot in the name of defendant, but on the joint account and for the joint use of said Gibbons and defendant, which purchase was made at and for the sum of five hundred dollars, that sum being the highest sum bid or offered for said lot; that Gibbons was also the agent of the plaintiff in conducting the sale of said lot ; that said Gibbons, after the sale and purchase as aforesaid, falsely represented to defendant, that said lot had been sold to him at said said sale for fifteen hundred dollars, and that he, acting as agent of the defendant, had bid in said lot for him at said price; that the defendant being wholly ignorant of the facts, but confidently relying on the representations of said Gibbons, who was acting for plaintiff, executed the notes sued on, as well as four other notes of the same date for the sum of $75 each, payable in six, twelve, eighteen, twenty-four and thirty-six months after date respectively, and delivered them to plaintiff without any other or farther consideration whatever, than the purchase money of said lot ; that the defendant has paid plaintiff of these notes for seventy-five dollars each, the aggregate sum of three hundred and seventy-five dollars, which leaves a balance of one hundred and twenty-five dollars, which is due plaintiff, and which defendant avers a willingness to pay, &c.

The plaintiff, in his replication, denied the allegations of fraud and misrepresentations contained in the answer, and avers that the consideration of the notes was money loaned by the plaintiff to the defendant.

The case was tried by a jury. The facts of the case, as they appear in the bill of exceptions, which are uncontradicted, are about as follows: That on the 10th day of August, 1868, and for some time previous thereto, and for a long time after said time, one John F. Gibbons was the duly authorized agent of the plaintiff to loan money for him, and take securities for money loaned for plaintiff and collect the same, and generally to attend to plaintiff's financial business; that said Gibbons was also the agent for the defendant in the collection of rents falling due to him during the same period of time; that some years previous to August, 1868, said John F. Gibbons had, as the agent of plaintiff, loaned to one Dennis Devoy $1,500.00 and had taken a deed of trust from said Devoy, conveying to a trustee a lot in the City of St. Louis, to secure the payment of the sum loaned, with interest; that the money secured by the deed of trust and interest had become due, amounting to about $1,800, and was unpaid; that the deed of trust contained a power of sale upon default of payment; that said Gibbons, being the agent of plaintiff as aforesaid, caused the lot named in the deed of trust to be advertised for sale under the power in said deed; that a few days before the time fixed for the sale of the lot under the trust deed, Gibbons called the attention of Busby to the fact that said lot was to be sold, telling him that he thought there might be a speculation made by purchasing the lot, also proposing to Busby, that if he would purchase the lot that he would go in with him in the purchase and become a joint owner with him of the lot, and that they would share the profits made by a re-sale of the lot. When this suggestion was made to Busby, he and Gibbons went and examined the lot, and both agreed that the lot was worth from three to four thousand dollars, after which Busby agreed to the proposition made by Gibbons to purchase the lot on their joint account; but inasmuch as Gibbons did not want

his name to appear in the transaction, or that it should appear that he had an interest in the purchase, it was agreed that the lot should be bid off at the sale by Gibbons in the name of Busby on their joint account. It is further shown, that Gibbons did bid off and purchase in the lot, at the trustee's sale, in the name of Busby, at and for the price and sum of five hundred dollars, and that inasmuch as plaintiff did not need the money, but only wanted his money secured, so that the interest would be promptly paid, no money was paid, but Gibbons took the note of defendant for $1,500.00, payable three years after date with six notes for $75.00 each, to pay the interest semi-annually, until the main note became due, and thereupon a deed was made to defendant for the lot. There is no pretense that the plaintiff had any *personal* knowledge of this transaction until about the time this suit was brought, and then he only knew what he was told by Gibbons. It is further shown, that all but one of the seventy-five dollar notes had been paid, and were paid by defendant and Gibbons in equal parts, and that Gibbons had offered defendant to pay one-half of the notes sued on, provided defendant would give him one-half of the amount he had realized from the lot purchased.

The evidence was conflicting only in one particular, which was this: Gibbons testified, that at the time he and defendant entered into the arrangement to purchase the lot on their joint account, he told defendant the amount of the debt, secured by the deed of trust, due from Devoy to plaintiff, and that that amount would have to be paid to plaintiff if they purchased the lot; that this fact was well understood and agreed to by the defendant. The defendant, on the contrary, denied this part of the agreement between himself and Gibbons, or that he was informed of the amount of the debt secured to plaintiff by the deed of trust. Busby also testified, that Gibbons told him that the property had been bid in by him in the name of Busby for fifteen hundred dollars, and that it was upon that representation that he executed the notes sued on.

The foregoing being substantially the evidence in the case, the defendant moved the court to instruct the jury as follows:

1. "The jury are instructed, that the principal is bound by the acts of his agent in the course of his business as such agent; that the misrepresentations of the agent thus made are to be taken as the misrepresentations of the principal, and that knowledge of fact or fraud by the agent must be taken also to be within the knowledge of the principal."

2. "If the jury believe from the evidence, that the property mentioned in the answer of the defendant was sold to him, as therein stated, for $500, and that thereafter, plaintiff, by his agent, falsely represented and stated to defendant, that it had been sold to him for $1,500; and that that amount was due therefor, and that by such misrepresentations, defendant, in ignorance of the facts, was induced to and did execute and deliver to plaintiffs the notes sued on, and without any other consideration, plaintiff can only recover whatever balance of said sum of five hundred dollars the jury may find from the evidence to be due him."

These instructions were refused by the court and defendant excepted.

The case being submitted to the jury without any instructions, a verdict was returned for the plaintiff for the amount of the notes sued on and interest. The defendant in due time filed a motion to set aside the verdict and grant a new trial, on the ground that the verdict was against the law and the evidence in the case, and that the court had improperly refused to instruct the jury as moved by the defendant. This motion being overruled and final judgment rendered, the defendant again excepted and appealed to General Term of said court, where the judgment of Special Term was affirmed, from which the defendant appealed to this court.

There is certainly evidence in the cause which tends to prove each of the theories contended for by the plaintiff and defendant respectively. In such case, we will not review the facts for the purpose of ascertaining whether the verdict of

the jury is sustained by the weight of evidence or otherwise. The only question, therefore, to be considered by this court is, whether the court at the trial erred in refusing to instruct the jury as moved by the defendant. .

Instructions should always be framed with reference to the issues and evidence in the cause. It is not error in a court to refuse to give an instruction, containing an abstract principle of law, if, from the facts in the case, the instruction is not applicable or would tend to mislead the jury. The first instruction in this case, while it may contain a correct principle of law, is not applicable to the facts in the case. The agent, Gibbons, was only the agent for plaintiff in loaning and collecting his money. In reference to the purchase of the lot by defendant or by Gibbons and defendant, Gibbons was the agent of the defendant; they were jointly interested in the purchase, and defendant was bound by his acts so far as the purchase was concerned; and, therefore, any instruction which the court could have given to the jury asserting an abstract principle of law as to principal and agent, without also defining to the jury the double capacity of agency in which Gibbons was acting in the transaction referred to, would only have tended to mislead.

The second instruction asked for by the defendant is also objectionable. The theory of the defendant is, that he made a contract with the plaintiff's agent, by which they agreed to become the joint purchasers of a lot that Gibbons was about to have sold on a deed of trust in favor of the plaintiff, to secure from fifteen to eighteen hundred dollars; that said lot was purchased by Gibbons, as the agent of defendant, on the joint account of Gibbons and defendant, for the sum of five hundred dollars, leaving about $1,300 of the plaintiff's debt secured by the deed of trust unpaid; the lot at the same time being of the value of from three to four thousand dollars.

I suppose that it will not be seriously contended that such a contract, made with the plaintiff's agent, by which defendant and said agent would possess themselves of the entire property, which was held in trust for the payment of

35—VOL. LVI.

plaintiff's debt, to the value of three or four thousand dollars, and leave plaintiff's debt unpaid, would be enforced by any court. The second instruction asked for by the defendant, wholly ignores the facts which would make the contract fraudulent as to the plaintiff, and also disregards the whole theory of the case made by plaintiff, or which the evidence tends to prove in plaintiff's favor. The said instruction was therefore properly refused.

This case was a case in which it would have been proper for the court to have given the jury instructions; but none were given and none asked by the defendant comprehending a full view of the whole case; and the jury having found for the plaintiff, we cannot say that their finding was wrong. In fact, the agent for both parties was examined as a witness, and positively testified that it was well understood by him and the defendant, that if they purchased the lot, they would have to pay the whole debt from Devoy to plaintiff, and as any agreement between them by which they agreed to purchase the lot in the name of the defendant, but for their joint benefit, without making it bring the debt of plaintiff, would have been a fraud on the plaintiff, we think the verdict of the jury was clearly right and the judgment will be affirmed. Judge Wagner is absent. The other judges concur.